**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-60526
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVAN DOSS, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(5:97-CR-1 BrN & 5:97-CR-3 BrN)

June 29, 1998

Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Evan Doss, Jr. appeals his convictions for embezzlement and money laundering in violation of 18 U.S.C. §§ 666(a)(1)(A), 1956(a)(1)(B)(I), contending that the district court (1) erred in denying his motion to dismiss the indictment for lack of subject matter jurisdiction, (2) abused its discretion in failing to grant his May 14, 1997 motion for continuance, and (3) excluded the testimony of two defense witnesses in violation of his sixth amendment right to compulsory process.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Doss also contends that the district court erred in changing venue from the Western Division of the Southern District of Mississippi to the Jackson Division thereof.

Our review of the record, briefs, and authorities persuades that no reversible error was committed. The district court did not err in denying Doss's motion to dismiss the indictment for lack of subject matter jurisdiction.[1] Nor did it abuse its broad discretion in denying Doss a continuance.[2] Despite suggestions to the contrary, the district court did not exclude the testimony of two defense witnesses in violation of Doss's sixth amendment right to compulsory process.[3] Finally, the district court did not err, plainly or otherwise, in transferring this case.[4]

AFFIRMED.

---

[1] **United States v. Moeller**, 987 F.2d 1134 (5th Cir. 1993).

[2] **United States v. Correa-Ventura**, 6 F.3d 1070 (5th Cir. 1993).

[3] **United States v. Valenzuela-Bernal**, 458 U.S. 858 (1982).

[4] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc); **United States v. James**, 528 F.2d 999 (5th Cir. 1976).